*John J. Heffernan, James H. Rickard, Jr., and Herbert L. Carpenter*, for parties.

---

AGNES V. McCAULEY vs. RHODE ISLAND COMPANY.

PROVIDENCE—JANUARY 22, 1904.

PRESENT: Stiness, C. J., Tillinghast and Dubois, JJ.

(1) *Declarations.    Pleading.    Negligence.    Proximate Cause.    Concurring Causes.*

Declaration alleged that plaintiff, a passenger on one of defendant's cars, was obliged to stand in the aisle of said car; that defendant negligently permitted said car to come to a sudden stop so that one of the passengers who was also obliged to stand was necessarily, by reason of said negligence, thrown against plaintiff with great force, to her injury, etc. On demurrer:—

*Held*, that the declaration sufficiently alleged the proximate cause as the stopping of the car, resulting in the propulsion of a fellow passenger violently against her, to her injury.

*Held*, further, that it was not necessary to set out the proximate cause of the stopping of the car more fully than was done.

*Held*, further, that the question of concurring causes was for the jury, unless it clearly appeared from the declaration that the proximate cause was the plaintiff's carelessness.

TRESPASS ON THE CASE for negligence. Heard upon defendant's demurrer to the first count of the plaintiff's declaration, and demurrer overruled.

DUBIOS, J. The first count of the plaintiff's declaration, to which the defendant has demurred, alleges:

(1) "That the plaintiff, to wit, on said 16th day of December, A. D. 1902, at the special instance and request of the said defendant, took passage at a point on Weybosset street, in said Providence, on one of the defendant's box cars, so-called, running in the direction of said Wanskuck, and was obliged, by reason of the seats and aisle of said car being occupied by passengers, to take a standing position in the aisle of said car, near its door; and while she was riding as a passenger in said car, and while in the exercise of due care, and as said car was proceeding in a northerly direction upon and along North Main street, a public highway of said Providence, and was ascending Constitution hill, so-called, under the care, control, and management of the defendant, its agents and servants, on the day and year aforesaid, said defendant, its agents and servants, carelessly and negligently permitted said car upon which said plaintiff was riding as a passenger, while said car was climbing said hill, to come to a sudden and unusual stop, so that one of the passengers riding upon said car, who was obliged to stand by reason of the seats of said car being occupied, was necessarily, by reason of said carelessness and negligence, thrown against said plaintiff with great force and violence, whereby the plaintiff was greatly hurt, etc."

The defendant bases its demurrer upon the two following grounds:

"1. That it does not appear in and by said first count what

was the proximate cause of the accident whereby one of the passengers riding on said car was thrown violently against the plaintiff.

"2. That it does not appear in and by said count that said passenger, thrown violently against the plaintiff as aforesaid, was free from negligence."

It is necessary for the plaintiff to set out aptly in her declaration the proximate cause of her injury; and this she has done by alleging the careless, negligent, sudden, and unusual stopping of the car upon the hillside, resulting in the propulsion of a fellow passenger violently against her, to her injury. It is not necessary for her to set out the proximate cause of the stopping of the car more fully than she has done.

It does appear from the said first count of the declaration that a passenger was necessarily thrown, by the carelessness and negligence of the defendant, its agents and servants, against the plaintiff.

A fair construction of the allegation is that such throwing was the inevitable result of the defendant's conduct or misconduct, and sufficiently negatives any inference that such throwing of the passenger was the result of any independent or intervening action of his own. Even though it should be claimed that the throwing of such passenger against the plaintiff was a concurring cause of her injury, such question cannot be determined on demurrer; for we have heretofore held that the question of concurring causes is a question for the jury under proper instructions, unless it clearly appears from the declaration that the proximate cause of the injury was the plaintiff's carelessness. *Yeaw v. Williams*, 15 R. I. 20; *Willis v. Providence Telegram Co.*, 20 R. I. 285.

While it is true that the causal connection between negligence and damage must continue unbroken in order for the plaintiff to recover, and that such causal connection may be broken by the interposition of independent responsible human action—*Mahogany v. Ward*, 16 R. I. 479—there is nothing in the declaration at all suggestive of such state of facts; on the contrary, it appears that all the occupants of the car must have been affected, in different degrees, according to their re-

spective positions and surroundings, by the sudden cessation of its progress, and nothing appearing to the contrary we may assume that they were average specimens of ordinarily sane humanity, conducting themselves with a reasonable degree of propriety.

Demurrer overruled, and case remanded to the Common Pleas Division for further proceedings.

*Comstock & Gardner,* for plaintiff.

*Henry W. Hayes, Frank T. Easton and Lefferts S. Hoffman,* for defendant.